UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-1052 CAS |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's request to proceed without payment of the filing fee, along with plaintiff's complaint, amended complaint, second amended complaint, third amended complaint and three motions to compel and for access to the Courts. After fully reviewing plaintiff's filings, the Court makes the following findings.

**Procedural History**

Plaintiff, an inmate at Potosi Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights on May 30, 2013. Although he did not file a separate motion seeking leave to proceed in forma pauperis, within the body of his handwritten complaint, plaintiff requested leave to proceed without payment of the required filing fee.

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal. Ashley v. E. Dilworth, CO–1, 147 F.3d 715, 716–17 (8th Cir.1998).

Plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim.[1]  Accordingly, plaintiff has "three strikes," and he cannot proceed in a § 1983 action unless he pays the full filing fee or shows that at the time of filing his complaint, he was being subjected to "imminent danger." 28 U.S.C. § 1915(g).

In the body of his original complaint, plaintiff alleges that he is under "imminent danger." He claims that he was subjected to excessive force on May 22, 2013 by a correctional officer and as a result he suffered injuries to his right rib, right wrist, middle lower back, and left eye. He claims that he has cuts on his arms and legs from the handcuffs and leg irons and that "none of the areas have had medical treatment or x-rays" and that he has not "been given any medicine for pain, or seen by a doctor." Plaintiff additionally claims, in a conclusory manner, that he is in imminent danger because the officer who purportedly subjected him to excessive force, Officer Comer, "is the person who serves my lunch meal denying me access to eat."

In his amended complaint, filed on June 11, 2013, plaintiff seeks to add additional handwritten claims and defendants to this action through a supplemental pleading to his original complaint. His pleading is difficult to follow and appears to involve descriptions of several different

---

[1] See Box v. Bollinger, Case No. 1:02CV105 FRB (E.D. Mo.); Box v. Scott County Jail, Case No. 1:96CV69 LMB (E.D. Mo); Box v. Mississippi County Jail, Case No. 1:96CV22 LMB (E.D. Mo.).

allegations and defendants not included in his original complaint. Plaintiff fails to make any concrete allegations of "imminent danger" in his amended complaint, although he does repeat his need for additional medical treatment for injuries allegedly received from the May 22, 2013 altercation.

In his second amended complaint, filed on June 14, 2013, plaintiff again seeks to add claims and defendants to this actions by supplemental pleading. Plaintiff fails to make any allegations of "imminent danger" in his pleading, rather, he alleges due process violations related to conduct violations he received for the May 22, 2013 incident.

In his third amended complaint, filed on June 24, 2013, plaintiff again seeks to add parties and claims to this action through a supplemental pleading. His claims primarily involve his complaints about the prison mail system and a conduct violation he received for "funds deposited in another offender's account." Again, his pleading is devoid of allegations of "imminent danger." Rather, plaintiff notes that he has seen a doctor for his injuries from the May 22, 2013 incident, but he disagrees with the diagnoses he has been given.

## Discussion

**A. Plaintiff's Complaints**

Plaintiff's pleadings in this case are defective for several reasons. First and foremost, his complaint is defective because it has not been drafted on a Court-provided form, see Local Rule 2.06(A), and because plaintiff has neither paid the filing fee nor submitted a motion to proceed in forma pauperis, see 28 U.S.C. § 1915(a).[2]

---

[2] As noted above, there is a question in this case whether the Court will allow plaintiff to proceed in forma pauperis should he formally request to do so by filing a motion to proceed in forma pauperis. Plaintiff has filed at least three previous cases that were dismissed as frivolous,

-3-

Additionally, plaintiff has attempted to "supplement" his complaint by filing additional pleadings and calling the pleadings, "first amended complaint," and so forth. The Court does not accept "supplements" to pleadings, or amendments to complaints by interlineation. If a plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In other words, plaintiff may not seek to amend his original pleading by attempting to "add parties" or "add claims" through a supplement.

Third, the complaint fails to meet the requirements of Federal Rules of Civil Procedures 8, 10 and 20. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of circumstances." Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Id. Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

---

malicious or for failure to state a claim. Accordingly, plaintiff has "three strikes," and he cannot proceed in a § 1983 action unless he pays the full filing fee or shows that at the time of filing his complaint, he is being subjected to "imminent danger." 28 U.S.C. § 1915(g) (emphasis added).

same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

The complaint is not simple, concise, or direct, nor does it contain a short and plain statement of plaintiff's claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint. Moreover, as noted previously, plaintiff is subject to the "three strikes" provision of § 1915, and the Court is not convinced that plaintiff is suffering "imminent danger" at the time of the filing of the complaint.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff must also file either a motion to proceed in forma pauperis or pay the required filing fee. Plaintiff shall have thirty days from the date of this Order to comply with these requirements. If plaintiff fails to file an amended complaint within thirty days and file his motion to proceed in forma pauperis or pay the required filing fee, the Court will dismiss this action without prejudice. If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints, filed in separate actions. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

**B.      Plaintiff's Motions to Compel and For Access to the Courts**

In his motions to compel and for access to the Courts, plaintiff asserts he is being denied access to the Courts. In his first motion for access to the Courts, plaintiff states that he has been denied surveillance/videotape evidence he requires to defend himself in his administrative hearings related to the conduct violations he has received. Plaintiff also states in a conclusory manner that

"defendants are blocking plaintiff's access to exhaust administrative remedies." Plaintiff states that he is in need of the aforementioned evidence to "provide [his] innocence and [defendants'] official misconduct."

In his second motion to compel and for access to the Courts, plaintiff seeks the names of certain defendants in order to better identify them in his pleadings, and he again requests copies of "surveillance" and "videotapes" from April 1, 2013 to May 22, 2013 of "Housing Unit Five inside A-Wing." Plaintiff does not indicate the reasons for his request.

In his third motion to compel and for access to the Courts, plaintiff states that the Warden at Potosi, Troy Steele, has instituted a new policy limiting the amount of money inmates in administrative segregation, like himself, are allowed to spend toward postage stamps to send legal materials. Plaintiff asserts that he has over "300 pages of documentations to prove the claims cited in his civil complaint. . ." Plaintiff admits, however, that there is a mechanism to be granted a waiver of the policy, by filing a form called a "Qualified Legal Claim Form," but he states that he does not know how long it takes to hear back about approval of such a form. He claims he filled out the form three weeks ago and he has not been told whether or not he has been granted a waiver.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). None of the claims filed by plaintiff in his three motions to compel and for access to the Courts state an injury to a pending or contemplated legal claim.

Plaintiff has not shown that he has been prejudiced in any way in his current legal proceedings by the fact that his Qualified Legal Claim Form has not yet been approved by the Warden at Potosi. To the contrary, plaintiff has filed a plethora of documents in this case arguing

a myriad of different topics. Thus, he has not shown a denial of access to Courts claim at this time with respect to the institution's use of the "Qualified Legal Claim Form."

Similarly, plaintiff cannot show an access to Court's claim with respect to his claim that his administrative process has been impeded by the institution's failure to provide him with videotape and surveillance evidence that he believes he is entitled to for defense in his administrative proceedings. Plaintiff's claim is not really an access to Courts claim, but rather a due process claim under the Fourteenth Amendment[3], which this Court will not entertain on a motion to compel.[4] As such, plaintiff's motion to compel defendants to provide him with access to surveillance/videotapes for defense of his administrative hearings will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Motion to Proceed in Forma Pauperis- Prisoner Cases.

---

[3]In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court limited the due process protections of prisoners, holding that in-prison restrictions deprive them of "liberty" within the meaning of the Due Process Clauses only if they "impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

[4]"In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in compliance with this Court's Memorandum and Order within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel and for access to the Courts are **DENIED**. [Docs. 4, 5, and 8]

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of July, 2013.