**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEITH BOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-1052 CAS |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to "order defendants to allow plaintiff Box to exhaust administrative remedies" (Doc. 13), his motion for appointment of counsel (Doc. 12), and his "notification of amended complaints" (Doc. 14).

On July 10, 2013 the Court entered a Memorandum and Order addressing plaintiff's numerous prior filings and requiring plaintiff to file an amended complaint on a Court-provided form. In that Memorandum and Order the Court additionally addressed plaintiff's arguments relative to his assertions that his access to courts have been impeded.[1]

Because the Court has already addressed plaintiff's arguments for access to Courts, the Court will refer plaintiff to the full and detailed analysis in its July 10, 2013 Memorandum and Order. In accordance with the Memorandum and Order, the Court will deny, without prejudice, the present pending motion relative to his complaints about his inability to "exhaust" and the prison system's impediments with his "access to courts."

---

[1]The Court additionally ordered plaintiff to file a motion to proceed in forma pauperis, as at that time the filing fee had not yet been paid. Plaintiff has now paid the full filing fee in this matter, as such, there is no need for him to file a motion to proceed in forma pauperis.

Plaintiff's motion for appointment of counsel will also be denied without prejudice at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in this case are not so complicated that the appointment of counsel is warranted at this time. Moreover, plaintiff has shown he has the ability to represent his own interests by the plethora of filings he has made on his own behalf.

As for plaintiff's assertions regarding his amendments to his complaint, the Court will also refer plaintiff to the specific instructions set forth in the July 10, 2013 Memorandum and Order. Plaintiff's failure to follow those instructions will result in a dismissal of his case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion "to order defendants to allow plaintiff Box to exhaust administrative remedies" is **DENIED without prejudice**. [Doc. 13]

**IT IS FURTHER ORDERED** that, as noted in the July 10, 2013 Memorandum and Order, plaintiff is required to amend his complaint on a Court-provided form within thirty (30) days of the July 10, 2013 Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the instructions set forth in the July 10, 2013 Memorandum and Order relative to the amendment of his complaint, the Court will dismiss this action without prejudice.

                                                              _____
                                                              **CHARLES A. SHAW**
                                                              **UNITED STATES DISTRICT JUDGE**

Dated this 11th day of July, 2013.