**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEITH BOX,                  )
                                )
            Plaintiff,        )
                                )
      v.                   )        No. 4:13-CV-1052 CAS
                                )
TROY STEELE, et al.,       )
                                )
           Defendants.    )

**MEMORANDUM AND ORDER**

This matter is before the Court on numerous filings by plaintiff.  After fully reviewing plaintiff's filings, the Court makes the following findings.

**Procedural History**

Plaintiff, an inmate at Potosi Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights on May 30, 2013.  Plaintiff has filed roughly eighteen cases in our Court within the past approximately fifteen years.  In these cases, plaintiff often seeks to overwhelm the Court with frivolous motions and notices.  Many times, plaintiff must be reminded of the need to follow the Federal Rules of Civil Procedure and this Court's Local Rules when bringing matters before the Court.  After having litigated so many matters before this Court, he should not have to be repeatedly reminded of this Court's Rules and Regulations.[2]

---

[2]With this Memorandum and Order, plaintiff is being put on notice that this Court will not be as tolerant with plaintiff's frequent filings of "notices" and frivolous "motions."  If plaintiff has been reminded of the Federal Rules in a prior Memorandum and Order he will be expected to adhere to those Rules throughout this litigation.

Plaintiff has also filed at least three previous cases in our Court that were dismissed as frivolous, malicious or for failure to state a claim.[3]  Accordingly, plaintiff cannot proceed in a lawsuit before our Court unless he pays the full filing fee or shows that at the time of filing his complaint, he was being subjected to "imminent danger."  28 U.S.C. § 1915(g).  As plaintiff is a prisoner, plaintiff's pleadings are subject to pre-service review under 28 U.S.C. § 1915A if he pays the full filing fee and can be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.

Because the time periods in this action are salient to the matters herein, the Court will set them out below.  Between the time of the original filing of the complaint on May 30, 2013 and the time plaintiff submitted a certified prisoner account statement on June 24, 2013, plaintiff had already filed five major filings in this action: an amended complaint, a second amended complaint, a pro se motion for access to the courts, a motion to compel, and a third amended complaint.

Two days after filing his account statement, plaintiff filed a second motion to compel, and approximately five days later, he filed an "emergency" amended complaint.  At this time, plaintiff had failed to either move to proceed in forma pauperis or pay the Court's filing fee.

As the Court was preparing a Memorandum and Order relative to all of plaintiff's filings and his failure to pay the filing fee, on July 8, 2013, plaintiff filed a letter to the Court, a motion to appoint counsel, a motion relating to exhaustion and a "notification."  On that same date, plaintiff paid the full filing fee.  On July 10, 2013, the Court informed plaintiff what he needed to do to

---

[3]See Box v. Bollinger, Case No. 1:02CV105 FRB (E.D. Mo.); Box v. Scott County Jail, Case No. 1:96CV69 LMB (E.D. Mo); Box v. Mississippi County Jail, Case No. 1:96CV22 LMB (E.D. Mo.).

-2-

properly proceed before this Court.  At that time, plaintiff had eleven matters pending before this Court for review.

The July 10, 2013 Memorandum and Order was very explicit.  It provided plaintiff with instructions as to how to properly amend his complaint pursuant to both the Federal Rules of Civil Procedure and this Court's Local Rules.  Plaintiff's other pending motions were also addressed in great detail, and the Court supplemented its Memorandum with a second Memorandum and Order addressing plaintiff's additional motions on July 11, 2013.

Plaintiff was explicitly told that the Court does not accept supplements to pleadings, or amendments to complaints by interlineation or notices.  Plaintiff was informed that if he wished to amend his complaint, he had to include with his motion to amend a proposed complaint that included each and every claim he wished to bring against every proposed defendant.  Plaintiff was further informed that the entirety of his complaint had to be on a court-provided prisoner complaint form.  See Local Rule 2.06(A).

## Discussion

Despite the aforementioned, plaintiff's pleadings before this Court are again defective.  First and foremost, plaintiff has attempted to supplement his (fifth) amended complaint by filing a multitude of filings about the alleged retaliation that has happened to him since May and is purportedly happening to him even now.  As plaintiff is well-aware, the Court does not accept supplements to pleadings, or amendments to complaints by interlineation.  If a plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed complaint that includes each and every claim  he wishes to bring against every defendant in this action.

Just as the Court noted in its prior Memorandum and Order, plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  In other words, plaintiff may not seek to amend his original pleading by attempting to add parties or add claims through a supplement or a notice or through general correspondence. He must submit one proposed amended complaint on a court-provided form for this Court's review.  If plaintiff continues to attempt to file such pleadings and follow such practices in the future, the Court will strike the "motions" and "notices" from this case.

Second, the pleadings actually filed by plaintiff again fail to meet the requirements of Federal Rules of Civil Procedures 8, 10 and 20.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of circumstances."  Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ."  Id.  Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

-4-

The (fifth) amended complaint and its supplements are not simple, concise, or direct, nor do these documents contain a short and plain statement of plaintiff's claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint.

Because plaintiff is proceeding pro se, the Court will provide him with one last chance to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's Local Rules.

Plaintiff shall have thirty days from the date of this Order to comply with these requirements. If plaintiff fails to file a (sixth) amended complaint in compliance with this Court's Memorandum and Order within thirty days, the Court will dismiss this action without prejudice. If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints, filed in separate actions. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As for plaintiff's pending "motions" and "notices" of "retaliation" and "violations of law," the Court will deny these motions without prejudice at this time. The Court has reviewed the record in its entirety and finds no evidence of imminent danger at this time and no grounds supporting an immediate need for transfer to a different prison. However, as noted above, plaintiff may wish to include some of the claims contained in these "notices" and "motions" in his amended complaint. In doing so, plaintiff's pleading practices must be in compliance with the guidelines set forth herein.[4]        Last, plaintiff's motion for appointment of counsel will also be denied without

---

[4]Plaintiff has also motioned the Court to "correct the docket." To the extent that this Court needs to correct the docket sheet relative to plaintiff's current (fifth) amended complaint, it will Order the Clerk of Court to do so after the filing of plaintiff's newest (sixth) amended

prejudice at this time.  There is no constitutional or statutory right to appointed counsel in civil

cases.  <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining

whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff

has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the

plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to

further investigate and present the facts related to the plaintiff's allegations; and (4) whether the

factual and legal issues presented by the action are complex.  <u>See</u> <u>Johnson v. Williams</u>, 788 F.2d

1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

      After considering these factors, the Court finds that the facts and legal issues involved in this

case are not so complicated that the appointment of counsel is warranted at this time.  Moreover,

plaintiff has shown he has the ability to represent his own interests by the numerous filings he has

made on his own behalf.

      Accordingly,

      **IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's

form Prisoner Civil Rights Complaint.

      **IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the

Court-provided form in compliance with this Court's Memorandum and Order within thirty (30)

days of the date of this Order.

      **IT IS FURTHER ORDERED** that the following motions filed by plaintiff are **DENIED**

**without prejudice**. [Docs. No.17, 24, 27, 29, 30, 32, 33, 34, 36, 37, 38, 39 and 40].

─────────────────────────

complaint, as it is difficult to tell whom plaintiff has named as a defendant in this action given
the plethora of filings in this case. Until plaintiff has filed his (sixth) amended complaint,
plaintiff's motions to correct the docket sheet will be denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. No. 41] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.


_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this ___12th___ day of November, 2013.