UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH BOX, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1052 CAS |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's sixth amended complaint [Doc. #44] as well as numerous other filings by plaintiff. After fully reviewing plaintiff's filings, the Court will dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b). Alternatively, plaintiff's sixth amended complaint shall be dismissed pursuant to Fed.R.Civ.P. 8, 10 and 20.

### Procedural History

Plaintiff, an inmate at Potosi Correctional Center, filed the instant action on May 30, 2013 pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

Between the time of the original filing of the complaint on May 30, 2013 and the time plaintiff submitted a certified prisoner account statement on June 24, 2013, plaintiff had already filed five (5) major filings in this action: an amended complaint, a second amended complaint, a pro se motion for access to the courts, a motion to compel and a third amended complaint.

Two (2) days after filing his account statement, plaintiff filed a second motion to compel, and approximately five (5) days later, he filed an "emergency" amended complaint. At this time, plaintiff had failed to either move to proceed in forma pauperis or pay the Court's filing fee.

As the Court was preparing a Memorandum and Order relative to all of plaintiff's filings and his failure to pay the filing fee, on July 8, 2013, plaintiff filed a letter to the Court, a motion to appoint counsel, a motion relating to exhaustion and a "notification." On that same date, plaintiff paid the full filing fee. Finally, on July 10, 2013, the Court "got a word in edgewise" and informed plaintiff what he needed to do to properly proceed before this Court. At that time, plaintiff had eleven (11) matters pending before this Court for review.

The July 10, 2013 Memorandum and Order filed by this Court was very explicit. It provided plaintiff with instructions as to how to properly amend his complaint pursuant to both the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff's other pending motions were also addressed in great detail, and the Court supplemented its Memorandum with a second Memorandum and Order addressing plaintiff's additional motions on July 11, 2013.

Plaintiff was explicitly told that the Court does not accept "supplements" to pleadings, or amendments to complaints by interlineation or notices. Plaintiff was informed that if he wished to amend his complaint, he had to include with his motion to amend a proposed complaint that included each and every claim he wished to bring against every proposed defendant. Plaintiff was further informed that the entirety of his complaint had to be on a court-provided prisoner complaint form. See Local Rule 2.06(A).

By Memorandum and Order, dated November 12, 2013, the Court put plaintiff on notice that it would not allow plaintiff to bombard the Court with frivolous motions and filings as he has previously done in his prior eighteen (18) cases in this Court.

As the Court noted in its prior Order, plaintiff is well known in this Court. He often seeks to barrage the Court with frivolous motions and notices, often demanding that the Court act

immediately upon an issue, while refusing to comply with the Federal Rules of Civil Procedure and this Court's Local Rules in his filings. In the November 12, 2013 Memorandum and Order, plaintiff was specifically told that he would be expected to adhere to the Federal Rules of Civil Procedure throughout this litigation, or else his case would be dismissed, without prejudice.

### Discussion

Despite the aforementioned, plaintiff's pleading before this Court is again defective. First and foremost, plaintiff has attempted to "supplement" his (sixth) amended complaint [Doc. #44] by filing a multitude of papers (motions, notices, correspondence, etc.) about the alleged retaliation that has happened to him from 2004 through the present. [Doc. #44, #45, #46, #48, #50, #51, #52, #53, #54, and #56]. The Court notes that many of these claims have been brought by plaintiff in previous actions before this Court. See Box v. Dwyer, 1:04CV0127 HEA (E.D. Mo.); Box v. Dwyer, 1:05CV0006 HEA (E.D. Mo.); Box v. Dywer, 1:05CV0025 FRB (E.D. Mo.); Box v. Crawford, 1:06CV0092 (E.D. Mo); Box v. Roper, 4:09CV1430 ERW (E.D. Mo.); Box v. Roper, 4:10CV362 CDP (E.D. Mo.); Box v. Kemna, 4:13CV540 RWS (E.D. Mo.); Box v. Steele, 4:13CV1490 RWS (E.D. Mo.); Box v. Steele, 4:13CV1564 AGF (E.D. Mo.). [1]

As plaintiff has been told on numerous occasions, the Court does not accept supplements to pleadings, or amendments to complaints by interlineation. Simply, the Federal Rules and this Court's Local Rules do not countenance piecemeal litigation of claims. See, e.g., Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to

---

[1]Many of the allegations contained in his pleading are duplicative of the allegations plaintiff brought in his prior cases in this Court, some of which the Court dismissed pursuant to 28 U.S.C. § 1915(e). See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

The Court previously warned plaintiff about this type of behavior in this action. As noted in prior Orders, plaintiff cannot amend his pleadings by attempting to add parties or add claims through supplements or notices or through general correspondence. Plaintiff was told in at least two prior Orders before this Court that he needed to submit **one** proposed amended complaint on a court-provided form for this Court's review under 28 U.S.C. § 1915A. [2] Plaintiff failed to comply with this Court's specific instructions with respect to his pleading, and as a result his sixth amended complaint is subject to dismissal, pursuant to Fed.R.Civ.P.41(b).

Even if plaintiff had submitted just one complaint form with all of his claims in one document [Doc. #44], which he has not, it is clear that his sixth amended complaint has failed to meet the requirements of Federal Rules 8, 10 and 20, and is subject to dismissal under those grounds as well.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the Court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of

---

[2] Plaintiff has also filed at least three previous cases in our Court that were dismissed as frivolous, malicious or for failure to state a claim. Accordingly, plaintiff cannot proceed in a lawsuit before our Court unless he pays the full filing fee or shows that at the time of filing his complaint, he was being subjected to "imminent danger." 28 U.S.C. § 1915(g). As plaintiff is a prisoner, even if plaintiff pays the full filing fee, his pleadings are subject to pre-service review under 28 U.S.C. § 1915A and can be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. Plaintiff paid the full filing fee in this action, thus, his complaint is subject to review under § 1915A.

circumstances." Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Id. Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or <u>arising out of the same transaction, occurrence, or series of transactions or occurrences</u>; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

The (sixth) amended complaint (and its numerous supplements) are not simple, concise, or direct, nor does do these documents contain a short and plain statement of plaintiff's claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint. Additionally, plaintiff's complaint is rambling, difficult to read and full of conclusory statements and implausible allegations. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009) (allegations within the complaint need more than just "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").

Plaintiff was previously warned about his fifth amended complaint's failure to comply with Rules 8, 10 and 20 of the Federal Rules of Civil Procedure. Despite the warning and opportunity to cure the deficiencies in this pleading, plaintiff failed to do so. As such, plaintiff's sixth amended complaint is subject to dismissal due to his failure to comply with Rules 8, 10 and 20, in addition to his failure to comply with the Court's prior Orders.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process on plaintiff's sixth amended complaint.

**IT IS FURTHER ORDERED** that this action shall be dismissed due to plaintiff's failure to comply with the Court's instructions relative to the filing of plaintiff's sixth amended complaint. See Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that alternatively, this action shall be dismissed due to plaintiff's failure to comply with Federal Rules of Civil Procedure 8, 10 and 20 in the filing of his sixth amended complaint.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2014.